**AMERICAN PETROLEUM INSTITUTE, et al., Petitioners,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Respondent.**

No. 87–4835.

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1989.

James K. Jackson, G. William Frick, Washington, D.C., for American Petroleum Institute.

David M. Gravallesse, Ashley Doherty, Lee M. Thomas, Adm'r, U.S.E.P.A., Washington, D.C., for U.S.E.P.A.

Before GEE, DAVIS, and SMITH, Circuit Judges.

ON SUGGESTION FOR
REHEARING EN BANC

PER CURIAM:

Treating the suggestion for rehearing en banc as a petition for panel rehearing, it is ordered that the petition for panel rehearing is DENIED. No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for Rehearing En Banc is DENIED.

However, the panel wishes to clarify its opinion by making the following revision: The last sentence of Section II, 858 F.2d at 265–66, and the citations that follow, are deleted. Footnote 6 is revised to read as follows:

more than $20,000 in the case of a subsequent offense.

We are mindful, however, that this approach has its limits, as explained by Judge (now Justice) Kennedy in *Association of Pacific Fisheries v. EPA,* 615 F.2d at 818. He noted that 33 U.S.C. § 1311(b)(2)(A) requires that restrictions on discharges result "in reasonable further progress toward the national goal of eliminating the discharge of all pollutants...." Thus, he reasoned,

So long as the required technology reduces the discharge of pollutants, our inquiry will be limited to whether the Agency considered the cost of technology, along with the other statutory factors, and whether its conclusion is reasonable. Of course, at some point extremely costly more refined treatment will have a de minimis effect on the receiving waters.

*Id. Accord, API v. EPA,* 787 F.2d at 972 (citing, *e.g., Appalachian Power Co. v. Train,* 545 F.2d 1351 (4th Cir.1976)).

The mandate shall issue forthwith.